UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| POWERDSINE, INC. and POWERDSINE, LTD., <br><br>                    Plaintiffs, <br>v. <br><br>AMI SEMICONDUCTOR, INC. and <br>AMI SEMICONDUCTOR BELGIUM BVBA, <br><br>                    Defendants. | 07 Civ. 6014 (SAS)(FM) <br>ECF Case |
| AMI SEMICONDUCTOR, INC. and <br>AMI SEMICONDUCTOR BELGIUM BVBA, <br><br>                    Counterclaim-Plaintiffs, <br>v. <br>POWERDSINE, INC. and POWERDSINE, LTD., <br><br>                  Counterclaim-Defendants, <br>     and <br><br>MICROSEMI CORPORATION, <br><br>                  Third-Party Defendant. | **REPLY OF PLAINTIFFS POWERDSINE, INC. AND POWERDSINE, LTD. AND ANSWER OF THIRD-PARTY DEFENDANT MICROSEMI CORPORATION TO DEFENDANTS' COUNTERCLAIMS** |

      Plaintiffs/Counterclaim-Defendants PowerDsine, Inc. and PowerDsine, Ltd. (collectively, "PowerDsine" or "Plaintiffs") and Third-Party Defendant Microsemi Corporation ("Microsemi" or "Third-Party Defendant"), by and through their undersigned attorneys, hereby respond as their Reply and Answer, respectively, to Defendants/Counterclaim-Plaintiffs AMI Semiconductor, Inc.'s and AMI Semiconductor Belgium BVBA's (collectively, "AMIS" or "Defendants") Counterclaims ("Defendants' counterclaims") as follows:

## THE PARTIES

    1.    Upon information and belief, the allegations of paragraph 1 of Defendants' counterclaims are admitted.

2. Upon information and belief, the allegations of paragraph 2 of Defendants' counterclaims are admitted.

3. In response to paragraph 3 of Defendants' counterclaims, Plaintiffs and Third-Party Defendant admit that PowerDsine, Ltd. is a corporation organized under the laws of Israel, with its principal place of business at 1 Hanagar Street, Hod Hasharon, Israel.

4. In response to paragraph 4 of Defendants' counterclaims, Plaintiffs and Third-Party Defendant admit that PowerDsine, Inc. is a wholly owned U.S. subsidiary of PowerDsine, Ltd., and is a corporation organized under the laws of the State of New York with its principal place of business in Melville, New York.

5. In response to paragraph 5 of Defendants' counterclaims, Plaintiffs and Third-Party Defendant admit that Microsemi Corporation is a corporation organized under the laws of Delaware, having its principal place of business at 2381 Morse Avenue, Irvine, California, 92614.

## JURISDICTION AND VENUE

6. In response to paragraph 6 of Defendants' counterclaims, Plaintiffs and Third-Party Defendant admit that this Court has personal jurisdiction over PowerDsine, Inc.

7. In response to paragraph 7 of Defendants' counterclaims, Plaintiffs and Third-Party Defendant admit that this Court has personal jurisdiction over PowerDsine, Ltd.

8. In response to paragraph 8 of Defendants' counterclaims, Plaintiffs and Third-Party Defendant admit that this Court has personal jurisdiction over Microsemi Corporation.

9. In response to paragraph 9 of Defendants' counterclaims, Plaintiffs and Third-Party Defendant admit that this Court has subject matter jurisdiction over the counterclaim for

breach of contract against Counterclaim-Defendants PowerDsine, Ltd. and PowerDsine, Inc., pursuant to 28 U.S.C. § 1332.

10.  To the extent that an answer to these allegations is required, Plaintiffs and Third-Party Defendant deny that this Court has subject matter jurisdiction over Defendants' counterclaims for trade defamation and tortious interference with prospective business relations against PowerDsine, Ltd., PowerDsine, Inc. and Microsemi Corporation and that these claims derive from a common nucleus of operative fact as Plaintiffs' and Counterclaim-Plaintiffs' respective claims for breach of contract.

11.  The allegations of paragraph 11 of Defendants' counterclaims consist of conclusions of law. To the extent that an answer to these allegations is required, Plaintiffs and Third-Party Defendant deny the allegations of paragraph 11 of Defendants' counterclaims.

## DEFENDANTS' ALLEGATIONS REGARDING FACTUAL BACKGROUND

12.  Plaintiffs and Third-Party Defendant admit that AMIS manufactures integrated mixed-signal semiconductor products and digital products and provides mixed-signal foundry services. Plaintiffs and Third-Party Defendant are without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 12 of Defendants' counterclaims and on that basis, deny such allegations.

13.  Plaintiffs and Third-Party Defendant admit that mixed-signal semiconductor products incorporate integrated circuits that have both analog circuits and digital circuits combined on a single semiconductor die or on the same circuit board and that AMIS offers both mixed-signal and digital Application Specific Integrated Circuits. Plaintiffs and Third-Party Defendant are without sufficient information to form a belief as to the truth of the remaining

allegations of paragraph 13 of Defendants' counterclaims and on that basis, deny such allegations.

14. Plaintiffs and Third-Party Defendant are without sufficient information to form a belief as to the truth of the allegations of paragraph 14 of Defendants' counterclaims and on that basis, deny such allegations.

15. Plaintiffs and Third-Party Defendant admit that AMIS provides services as a semiconductor foundry. Plaintiffs and Third-Party Defendant are without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 15 of Defendants' counterclaims and on that basis, deny such allegations.

16. Plaintiffs and Third-Party Defendant admit that in or before March 2004, Plaintiffs and Defendants had discussions about AMIS becoming a supplier to Plaintiffs. Plaintiffs and Third-Party Defendants deny any remaining allegations of paragraph 16 of Defendants' counterclaims.

17. Plaintiffs and Third-Party Defendant admit that all of the statements in PowerDsine, Ltd.'s Prospectus dated June 9, 2004 that it filed with the Securities and Exchange Commission are true. Plaintiffs and Third-Party Defendant further admit that on or about June 9, 2004, PowerDsine obtained the integrated circuit for its then-current Power-over-Ethernet product from at least one source and that PowerDsine had arranged to obtain the integrated circuit for its proposed second generation circuit from at least one source. Plaintiffs and Third-Party Defendant deny all other allegations of paragraph 17 of Defendants' counterclaims.

18. Plaintiffs and Third-Party Defendant admit that PowerDsine and AMIS negotiated and executed a Non-Disclosure Agreement effective March 4, 2004 which provided as follows:

> Each of the Parties will not, and will direct and cause its
> Representatives not to disclose to any Person: (i) the fact that any

> investigations, discussions or negotiations are taking place between the Parties; (ii) that any party hereto has requested Confidential Information from Discloser hereunder; or (iii) any of the terms, conditions or other facts with respect to the business opportunity between the Parties, any such possible relationship related thereto, and/or this Agreement, including the status thereof.

Plaintiffs and Third-Party Defendant deny the remaining allegations of paragraph 18 of Defendants' counterclaims.

19. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 19 of Defendants' counterclaims.

20. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 20 of Defendants' counterclaims.

21. Plaintiffs and Third-Party Defendant are without sufficient information to form a belief as to the truth of the allegations of paragraph 21 of Defendants' counterclaims and on that basis, deny such allegations.

22. Plaintiffs and Third-Party Defendant admit that in or about June of 2005, Plaintiffs expressed an interest to consider AMIS as a supplier of integrated circuits for a Power-over-Ethernet Power Sourcing Equipment product.

23. Plaintiffs and Third-Party Defendant admit that AMIS requested a document and/or information specifying PowerDsine's requirements for an integrated circuit for a Power-over-Ethernet Power Sourcing Equipment product. Plaintiffs and Third-Party Defendant are without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 23 of Defendants' counterclaims and on that basis, deny such allegations.

24. Plaintiffs and Third-Party Defendant admit that in 2005 PowerDsine decided that because of the sensitive nature of PowerDsine's confidential information, PowerDsine would disclose such information only if AMIS would agree not to compete with PowerDsine in the

Power-over-Ethernet field relating to products that are integrated into network switching equipment based on confidential information provided by PowerDsine. Plaintiffs and Third-Party Defendant deny the remaining allegations of paragraph 24 of Defendants' counterclaims.

25.     Plaintiffs and Third-Party Defendant admit that representatives of PowerDsine and AMIS executed an Amendment to the Non-Disclosure Agreement executed in 2004; that AMIS executed the Amendment on August 29, 2005 and that the Amendment contained a provision stating the following:

> AMIS agrees not to develop and market a Power Sourcing Equipment Application Specific Standard Product for the power over ethernet market based on the Confidential Information received from PowerDsine.

Plaintiffs and Third-Party Defendant deny the remaining allegations of paragraph 25 of Defendants' counterclaims.

26.     Plaintiffs and Third-Party Defendant deny the allegations of paragraph 26 of Defendants' counterclaims.

27.     Plaintiffs and Third-Party Defendant admit that AMIS did not prepare a quotation to PowerDsine to be retained as a supplier. Plaintiffs and Third-Party Defendant deny the remaining allegations of paragraph 27 of Defendants' counterclaims.

28.     Plaintiffs and Third-Party Defendant admit that the parties never executed a development agreement or a work order and that neither company ever provided any compensation to the other. Plaintiffs and Third-Party Defendant deny the remaining allegations of paragraph 28 of Defendants' counterclaims.

29.     Upon information and belief, Plaintiffs and Third-Party Defendant admit the allegations of paragraph 29 of Defendants' counterclaims.

30. Upon information and belief, Plaintiffs and Third-Party Defendant admit the allegations of paragraph 30 of Defendants' counterclaims.

31. Plaintiffs and Third-Party Defendant admit that PowerDsine, Inc. and PowerDsine, Ltd. filed a Complaint in the U.S. District Court for the Southern District of New York on June 25, 2007 alleging, among other things, that AMIS breached an agreement with PowerDsine. Because the remaining allegations of paragraph 31 of Defendants' counterclaims are vague, Plaintiffs and Third-Party Defendant deny the remaining allegations of paragraph 31.

32. Plaintiffs and Third-Party Defendant admit that in Plaintiffs' Complaint filed on June 25, 2007, later amended, paragraphs 22 through 24 allege what is recited in those paragraphs. To the extent that paragraph 32 of Defendants' counterclaims alleges anything different, such allegations are denied.

33. Plaintiffs and Third-Party Defendant admit that AMIS agreed not to develop and market a Power Sourcing Equipment Application Specific Standard Product for the power over ethernet market based on Confidential Information received from PowerDsine, and deny so much of paragraph 33 of Defendants' counterclaims that is inconsistent with this admission.

34. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 34 of Defendants' counterclaims.

35. Plaintiffs and Third-Party Defendant admit the allegations of paragraph 35 of Defendants' counterclaims.

36. Plaintiffs and Third-Party Defendant admit the allegations of paragraph 36 of Defendants' counterclaims.

37. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 37 of Defendants' counterclaims.

38. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 38 of Defendants' counterclaims.

39. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 39 of Defendants' counterclaims.

40. Plaintiffs and Third-Party Defendant admit that PowerDsine did not serve Defendants with the Complaint filed in this Court on June 25, 2007, but deny the remaining allegations of paragraph 40 of Defendants' counterclaims.

41. Plaintiffs and Third-Party Defendant admit that PowerDsine served a First Amended Complaint upon AMIS, Inc. on July 20, 2007 containing the following language:

> 34. In order to receive such information, AMIS agreed not to compete with PowerDsine in the foregoing segment of the PoE market based on confidential information provided by PowerDsine.

Plaintiffs and Third-Party Defendant deny the remaining allegations of paragraph 41 of Defendants' counterclaims.

42. Plaintiffs and Third-Party Defendant have not mischaracterized the parties' relationship, and therefore deny the allegations of paragraph 42 of Defendants' counterclaims.

43. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 43 of Defendants' counterclaims.

### REPLY AND ANSWER TO FIRST COUNTERCLAIM
### BREACH OF CONTRACT
**(Reply of PowerDsine, Ltd. and PowerDsine, Inc.)**

44. Plaintiffs repeat and reallege each of their replies to each of the allegations of the foregoing paragraphs 1-43 as if fully set forth herein.

45. Plaintiffs deny the allegations of paragraph 45 of Defendants' counterclaims.

46. Plaintiffs deny the allegations of paragraph 46 of Defendants' counterclaims.

47. Plaintiffs deny the allegations of paragraph 47 of Defendants' counterclaims.

## REPLY AND ANSWER TO SECOND COUNTERCLAIM
## BUSINESS DEFAMATION

**(Reply of PowerDsine, Ltd. and PowerDsine, Inc. and Answer of Microsemi Corporation)**

48. Plaintiffs and Third-Party Defendant repeat and reallege each of their replies to each of the allegations of the foregoing paragraphs 1-47 as if fully set forth herein.

49. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 49 of Defendants' counterclaims.

50. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 50 of Defendants' counterclaims.

## REPLY AND ANSWER TO THIRD COUNTERCLAIM
## INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

**(Reply of PowerDsine, Ltd. and PowerDsine, Inc. and Answer of Microsemi Corporation)**

51. Plaintiffs and Third-Party Defendant repeat and reallege each of their replies to each of the allegations of the foregoing paragraphs 1-50 as if fully set forth herein.

52. Plaintiffs and Third-Party Defendant are without sufficient information to form a belief as to the truth of the allegations of paragraph 52 of Defendants' counterclaims and on that basis, deny such allegations.

53. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 53 of Defendants' counterclaims.

54. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 54 of Defendants' counterclaims.

55. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 55 of Defendants' counterclaims.

56. Plaintiffs and Third-Party Defendant deny the allegations of paragraph 56 of Defendants' counterclaims.

## FIRST AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs' counterclaims are barred in whole or in part for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs' counterclaims are barred in whole or in part because of Counterclaim Plaintiffs' prior breach of contract.

## THIRD AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs' counterclaims are barred in whole or in part under the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs' counterclaims are barred in whole or in part because Counterclaim Plaintiffs failed to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs' counterclaims are barred in whole or in part under the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs' counterclaims are barred in whole or in part under the doctrine of innocent intent.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants intend to assert additional defenses as they may become apparent during the course of this action.

## PLAINTIFFS' REPLY AND THIRD-PARTY DEFENDANT'S ANSWER TO DEFENDANTS' PRAYER FOR RELIEF

Plaintiffs and Third-Party Defendant deny that Defendants are entitled to any relief requested against Plaintiffs and Third-Party Defendant.

**WHEREFORE**, Plaintiffs and Third-Party Defendant demand judgment against Defendants as follows:

A. That Defendants/Counterclaim-Plaintiffs take nothing by reason of their counterclaims asserted against Plaintiffs/Counterclaim-Defendants and Third-Party Defendant;

B. That Plaintiffs/Counterclaim-Defendants and Third-Party Defendant be awarded their reasonable attorneys' fees, costs and disbursements incurred in defense of Defendants/Counterclaim-Plaintiffs' counterclaims; and

C. Such other and further relief that this Court may deem just and proper in Plaintiffs/Counterclaim-Defendants' and Third-Party Defendant's favor.

Dated: September 6, 2007
       New York, New York

CHADBOURNE & PARKE LLP

By_____
   Walter G. Hanchuk (WH-7096)
   Dennis C. Hopkins (DH-3767)
   30 Rockefeller Plaza
   New York, New York  10112
   (212) 408-5100

*Attorneys for Plaintiffs/Counterclaim-Defendants,*
   PowerDsine, Inc. and PowerDsine, Ltd.
*Attorneys for Third-Party Defendant,*
   Microsemi Corporation