UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/07
```

POWERDSINE, INC. and POWERDSINE, LTD.,

                          Plaintiffs,

        v.

AMI SEMICONDUCTOR, INC. and
AMI SEMICONDUCTOR BELGIUM BVBA,

                        Defendants.

AMI SEMICONDUCTOR, INC. and
AMI SEMICONDUCTOR BELGIUM BVBA,

               Counterclaim-Plaintiffs,

        v.

POWERDSINE, INC. and POWERDSINE, LTD.,

             Counterclaim-Defendants,

        and

MICROSEMI CORPORATION,

               Third-Party Defendant.

07 Civ. 6014 (SAS)(FM)
ECF Case

**[PROPOSED] STIPULATION
AND PROTECTIVE ORDER**

        This action includes allegations of misappropriation of confidential and proprietary information, including trade secrets, that will require disclosure of highly competitive and confidential information, of the parties and of third parties, involving the design, manufacture and implementation of Power-over-Ethernet power distribution products and associated commercial information. This Protective Order ("Protective Order") is entered to facilitate the production and receipt of information during discovery by the parties to this action: Plaintiffs/Counterclaim-Defendants PowerDsine, Inc. and PowerDsine, Ltd. (collectively "PowerDsine"); Third-Party Defendant Microsemi Corporation ("Microsemi"); Defendants/Counterclaim-Plaintiffs AMI Semiconductor, Inc. and AMI Semiconductor Belgium BVBA (collectively "AMIS"), and by others, and to protect trade secrets and other confidential

research, design, development or commercial information that may be produced or otherwise disclosed during the course of this action.

NOW, THEREFORE, upon consideration of the record and pursuant to the provisions of Fed. R. Civ. P. 26(c),

IT IS ORDERED that:

### INFORMATION SUBJECT TO THIS ORDER

1.    (a)    For the purposes of this Protective Order, "CONFIDENTIAL INFORMATION" shall mean information or material which is (i) produced for or disclosed to a receiving party (either PowerDsine, AMIS or Microsemi), and (ii) reasonably and in good faith considered by a producing party (either PowerDsine, AMIS, Microsemi or another) to constitute sensitive commercial information or other confidential information that the producing party does not wish to disclose publicly, including confidential information previously disclosed between the parties, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the producing party in the following manner or as described in paragraph 2 hereof. "CONFIDENTIAL INFORMATION" contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, etc., or copies thereof shall be designated by stamping or affixing thereto the legend:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

(b)    For the purposes of this Protective Order, "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall mean "CONFIDENTIAL INFORMATION" reasonably and in good faith deemed by the producing party to include confidential technical information, such as research, design or development information, or highly sensitive business information, or trade secrets. "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" contained in physical objects or

2

documents, including any transcripts, exhibits, answers to interrogatories, etc., or copies thereof, shall be designated by stamping or affixing thereto the legend:

> HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY -
> SUBJECT TO PROTECTIVE ORDER

2.      "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" not reduced to documentary, tangible or physical form or which cannot be conveniently designated pursuant to paragraph 1 hereof should be designated as appropriate by the producing party by advising the receiving party in writing prior to its production, contemporaneously therewith, or as soon as possible thereafter.

3.      Any "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" designated as set forth in paragraphs 1 and 2 hereof shall be handled by the receiving parties in accordance with this Protective Order. The designation of information as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" pursuant to this Protective Order shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, a trade secret or confidential research, design, development or commercial information.

4.      The restrictions set forth in any of the paragraphs hereof with respect to "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall not apply to:

(a)     Any information which at the time of the disclosure to a receiving party is in the public domain;

3

(b)    Any information which after disclosure to a receiving party becomes part of the public domain as a result of events not involving a violation of this Protective Order;

(c)    Any information which a receiving party can show was rightfully within its possession at the time of the disclosure; or

(d)    Any information which a receiving party can show was received by it from a source who obtained the information lawfully or under no obligation of confidentiality to the producing party.

The fact, however, that the disclosing party possesses this information may itself be confidential, and so, absent an agreement with the disclosing party, the disclosing party's possession of such information is to be considered "CONFIDENTIAL INFORMATION." In such a case, since it may not be readily apparent, the disclosing party must clearly indicate to the receiving party that the fact that the disclosing party possesses the information is what constitutes the basis for the claim of confidentiality.

Prior to disclosing any such information to a person not authorized to receive "CONFIDENTIAL INFORMATION" pursuant to paragraphs 5 and 8 of this Protective Order, the receiving party shall advise the producing party of the grounds on which the receiving party contends that the information should not be considered under the "CONFIDENTIAL" category and shall follow the procedure specified in paragraph 18 hereof.

## PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL INFORMATION" OR "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION"

5.    (a)    For the purposes of this Protective Order an "authorized recipient" of "CONFIDENTIAL INFORMATION" shall mean:

(i)    The Court, Court personnel, and court reporters and videographers engaged in connection with his action;

4

(ii)     Walter G. Hanchuk and Dennis C. Hopkins, each of
CHADBOURNE & PARKE LLP, counsel for PowerDsine and Microsemi, their
partners, associates and their information systems, stenographic, clerical and
paralegal employees whose functions require access to such information;

(iii)    Michael A. Oblon, Donald J. Friedman, and James M. Denaro,
each of PERKINS COIE LLP, counsel for AMIS, their partners, associates and
their information systems, stenographic, clerical and paralegal employees whose
functions require access to such information;

(iv)     Brian S. Fraser and Jon Connolly of Richards Kibbe & Orbe LLP,
counsel for AMIS, their partners, associates and their information systems,
stenographic, clerical and paralegal employees whose functions require access to
such information;

(v)      David Goren, in-house counsel for PowerDsine and Microsemi,
and any non-technical legal support whose functions require access to such
information;

(vi)     Darlene Gerry and Yolande Debusschop, in-house counsel for
AMIS, and any non-technical legal support whose functions require access to
such information;

(vii)    Any independent consultant, expert or other person, including but
not limited to graphics consultants and jury consultants, who obtains authorization
to receive such information pursuant to paragraph 8(a) of this Protective Order;
and

(b)      For the purposes of this Protective Order an "authorized recipient" of

5

"HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall

mean outside counsel for the parties to this action at Chadbourne & Parke LLP, Perkins Coie

LLP, and Richards Kibbe & Orbe LLP who are not employees of the parties, as well as their

authorized information systems, secretarial and legal assistance staff, the Court and Court

personnel as provided in paragraph 12, and consultants, experts, and their staff who are not

employees of the parties and are retained by outside counsel for purposes of this litigation and

qualified pursuant to paragraph 8(b) hereof.

## LIMITATIONS ON THE USE OF "CONFIDENTIAL INFORMATION" OR "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION"

6.      "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL -

OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall be held in confidence by each

authorized recipient to whom it is disclosed, shall be used only for purposes of this action, shall

not be used for any other purpose, and shall not be disclosed to any person who is not an

authorized recipient. All produced "CONFIDENTIAL INFORMATION" and "HIGHLY

CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall be

carefully maintained so as to preclude access by persons who are not authorized recipients.

7.      Software Materials and Software Materials Work Product

(a) "Software Materials" shall include confidential, proprietary software, object

code, firmware, and source code, and any other materials that either disclose such software or

code or describe its structure, architecture, and functionality in technical detail. "Software

Materials Work Product" shall include any and all notes, memoranda, and work product resulting

from the inspection of Software Materials. All such materials must be prominently stamped

"SOFTWARE MATERIALS" or "SOFTWARE MATERIALS WORK PRODUCT." Software

Materials and Software Materials Work Product shall be used by a recipient of software

6

materials solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein. No expert or consultant, as designated under Paragraph 8(b), shall review or gain access to Software Materials or Software Materials Work Product unless and until he or she has executed the Stipulation and Protective Order undertaking, provided in Attachment A, in addition to satisfying the requirements provided in paragraph 8(b). Any producing party or non-party to this litigation may designate Software Materials as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION." Software Materials so designated, and Software Materials Work Product derived therefrom, shall be subject to all of the protections afforded to materials so designated in addition to the following protections:

(b) One copy of any files of such Software Materials shall be produced on portable electronic storage media and shall be held exclusively at the offices of the counsel for the recipient of the Software Materials. Any Software Materials produced on the portable electronic storage media shall be protected by a commercially available and accepted means of encryption. Where counsel for Plaintiffs/Counterclaim-Defendants or Third-Party Defendants is the recipient of Software Materials, the copy of any files of such Software Materials shall be held at the offices of Chadbourne and Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112. Where counsel for Defendants/Counterclaim-Plaintiffs is the recipient of Software Materials, the copy of any files of such Software Materials shall be held at the offices of Perkins Coie LLP, located at 607 Fourteenth Street NW, Washington, D.C. 20005.

(c) Counsel for the recipient shall designate one of its attorneys to function as the Primary Custodian of any Software Materials produced under this Order, and shall designate another of its attorneys to function as a Deputy Custodian in the absence from the office or other

7

unavailability of the designated Primary Custodian. If circumstances reasonably warrant, another attorney may be substituted as Primary or Deputy Custodian.

(d) Except as hereinafter provided, no portion of the copies of Software Materials will be duplicated by the recipient. The Primary and Deputy Custodians will ensure that Software Materials will be protected from dissemination outside of this litigation, including by the following means:

(i)    Software Materials will be used on a stand-alone computer that is not networked to any other computers, which has no intranet or Internet access, and which computer cannot be physically accessed by any persons other than those permitted access under this Order.

(ii)    At each location, any Software Materials, including the stand-alone computer referenced in paragraph 7(d)(i), will be kept in a locked cabinet when not in use.

(iii)    At each location, counsel is permitted to copy information from the portable electronic storage media only for the sole purpose of transferring the data to the hard drive of the stand-alone computer.

(iv)    Subject to the logging requirements of paragraph 7(d)(v), Software Materials may be accessed by only (i) counsel of record and necessary law firm support staff working under the lawyers' supervision, and (ii) consultants and experts who have signed the Stipulation and Protective Order provided in Attachment A and who qualify for access to the materials in the manner set forth in paragraph 8(b). Any dispute over the access of any designated consultant or expert to Software Materials shall be resolved pursuant to paragraph 8(b) of this Order.

8

(v)    At each location, counsel for the recipient will maintain a log of those counsel of record, support personnel working under their direct supervision, and experts or consultants who have accessed Software Materials. The log entries will include the date and time of any such access. Before gaining access for the first time to Software Materials, each person otherwise qualifying under paragraph 7(d)(iv) will review this Order and attest to having read and understood it, which also will be recorded on the log. The logs kept at each location will be provided to counsel for the producing party upon reasonable request. In the event of a dispute involving any alleged violation of this Order, counsel for the producing party may obtain immediate copies of the logs from each location by written notice to the Primary and Deputy Custodians at each location.

(vi)    Except as needed for use in depositions, briefing, or trial, or as provided in paragraph 7(e) below, no physical copies of Software Materials, or Software Materials Work Product containing the text of Software Materials or portions of the code itself, shall be taken from the offices of counsel for the recipient.

(vii)    In the event that a Primary or Deputy Custodian becomes aware of any breach of the provisions of this Order, he or she shall promptly alert counsel for the producing party and, if necessary, the Court of any such breach.

(e) Plaintiffs have agreed that they will not attempt to reverse engineer, decompile, or modify Software Materials. Writing software to interact with, test, or simulate the functionality of Software Materials shall not constitute prohibited reverse engineering, decompiling, or modifying the Software Materials. Modifying portions of source code and then compiling the source code to test software does not constitute prohibited reverse engineering, decompiling, or modifying the source code.

9

(f) Other than for purposes of this litigation, subject to the restrictions of this Order, those permitted access to Software Materials under this Order shall not disclose the text of the Software Materials or portions of the code itself to any other person at any time and shall never use any information gained from access to or review of the Software Materials for any purpose or reasons. So long as the text of the Software Materials or portions of any software of firmware itself are not disclosed, this does not preclude consultants, experts, or counsel of record from providing Software Materials Work Product to in-house counsel for review.

(g) Upon the conclusion of this litigation, the parties shall delete all Software Materials from any storage media associated with the stand-alone computer referenced in paragraph 7(d)(i) and overwrite the bits used to store those files on the computer's storage media using commercially accepted secure erase software. Any media or storage device not amenable to secure erase shall be physically destroyed.

(h) To the extent that it becomes necessary or appropriate to do so, the parties may jointly agree to modify the procedures and provisions of this paragraph 7 without leave of court if done so in writing signed by counsel on behalf of all parties.

8.    (a)    Should a receiving party find it necessary in the preparation for trial of this action to disclose a producing party's "CONFIDENTIAL INFORMATION" to (i) an independent technical, graphics, jury, or business consultant retained by the receiving party or its attorneys for the purpose of assisting in connection with the above actions, (ii) business or technical persons employed by a party to the above action whose functions require that they have access to "CONFIDENTIAL INFORMATION" in connection with the prosecution or defense of this action, or (iii) any other person who is not an authorized recipient under the terms of this Protective Order and whose assistance may be required for preparation for and/or trial of this

10

action, then the consultant or other person to whom disclosure is to be made shall execute a written signed assurance in the form of Attachment A hereto for "CONFIDENTIAL INFORMATION" stating that he or she has read and understood this Protective Order and agrees to be bound by its terms. The receiving party shall retain all such written signed assurances and promptly provide a copy to the producing party.

(b) Should a receiving party find it necessary in the preparation for trial of this action to disclose a producing party's "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" to an independent technical, graphics, jury or business consultant retained by the receiving party or its attorneys for the purpose of assisting in connection with this action, then written notice shall be served on the producing party at least ten (10) days prior to the disclosure, identifying the consultant or other person, his or her address and telephone number, and including a copy of the person's resume or curriculum vitae, describing all relevant employment and all legal actions in which such consult has been involved and in what capacity he or she has been involved, his or her present employer and his or her position. Such notice shall be accompanied by a written signed assurance by the consultant or other person to whom disclosure is to be made, in the form of Attachment B hereto for "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" stating that he or she has read and understood this Protective Order and agrees to be bound by its terms. If the producing party objects to the proposed disclosure, it shall have ten (10) business days after the receipt of the notice to provide, via facsimile, email or overnight courier, the receiving party with a written objection to the disclosure, which objection shall state the reasons for objecting to this disclosure. The disclosure of "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall not be made to such consultant or other person until approval is

11

given by the producing party or until ten (10) business days after the producing party's receipt of the notice, whichever is earlier; provided, however, that if the producing party so objects, such written objection shall stay disclosure to such person. The parties shall meet and confer concerning such written objection within ten (10) days of the service thereof. If such written objection remains unresolved after meeting and conferring, the party requesting disclosure to said person may submit the matter to the Magistrate Judge for decision. A party seeking Court review of the Magistrate Judge's decision on the matter may proceed with such disclosure only as and when the Court orders.

(c) Should a receiving party find it necessary in the preparation for trial of this action to disclose a producing party's "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" to a vendor for document processing, such vendor shall execute a written, signed assurance in the form of Attachment B hereto for "CONFIDENTIAL INFORMATION" stating that he or she has read and understood this Protective Order and agrees to be bound by its terms. The disclosing party shall retain all such written signed assurances. For the purposes of processing documents for a receiving party only, such vendor shall be permitted access to both "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" without the requirement of notice to the producing party as required by paragraph 8(b) herein.

9.    Nothing in this Protective Order shall prohibit the transmission or communication of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" between or among authorized recipients (a) by hand delivery, face to face conference; (b) in sealed envelopes or containers via the mails or an

12

established freight, delivery or messenger service; or (c) by telephone, telegram, facsimile or other electronic transmission system, if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not an authorized recipient.

10.     An attorney, who is an authorized recipient under the terms of paragraph 5 of this Protective Order, may render advice to his or her client with respect to this action and rely generally upon confidential information but provide no specific confidential information. However, in rendering advice or in otherwise communicating with his or her client, such attorney shall not produce any such materials or disclose the information contained in any "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" produced by another party herein where such disclosure would not otherwise be permitted under the terms of this Protective Order.

11.     In connection with any oral hearing, trial or proceeding concerning the above actions before the Court, prior to disclosure in open court of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION," attorneys for the party seeking to make such disclosures shall request at the oral hearing, trial or proceeding that the Court provide appropriate *in camera* treatment of any "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" necessary to be disclosed in relation to such hearing, trial or proceeding or any other procedure appropriate to protect the confidentiality of the information.

12.     The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony filed in Court which have been designated, in whole or in

13

part, as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" in this action. Such documents shall be filed in

the Clerk's office in sealed envelopes with a copy of the caption page affixed to the outside of the

envelope, along with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY – SUBJECT TO

PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains Confidential Material filed by [name of
> party] and is not to be opened, nor the contents to be displayed or
> revealed, by anyone other than authorized court personnel, except
> by Court Order.

In the event that a party wishes to use any "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" in any

affidavits, briefs, memoranda of law or any other papers filed in Court in this action, such

"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" used therein shall be filed and maintained under

seal by the Court as set forth in this paragraph.

     13.    Any person examined as a witness at deposition or trial may testify concerning all

"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" of which such person has prior knowledge.

Without in any way restricting the foregoing, the receiving party cannot disclose

"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" not otherwise known or accessible to the

witness unless the witness is employed by the producing party or unless and until the receiving

party complies with paragraph 8 of this Protective Order. If the witness is represented by

counsel not subject to this Protective Order, the witness's counsel must agree, either in writing or

14

on the record, to abide by this Protective Order prior to the receiving party disclosing or

soliciting "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" in the presence of said counsel.

14.    With regard to the transcript of any deposition which has not been the subject of a

designation under this Protective Order prior to or during the taking of such deposition, the

producing party, or any party to this action, shall designate those portions of the transcript which

constitute "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" within ten (10) business days after any such

party receives a copy of the deposition transcript but in any event no later than fifteen (15)

business days after any such party is notified in writing of the availability of the deposition

transcript. The portions so designated shall thereafter be separated and treated as

"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" and shall be subject to this Protective Order.

15.    Any inspection of original documents and things of a producing party by a

receiving party, including the initial review of documents produced by a third party, shall be

conducted only by outside counsel listed in paragraph 5 of this Protective Order and all such

original documents and physical objects produced during discovery shall in all other respects

initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" and shall be subject to this Protective Order.

After the receiving party has selected the documents or physical objects for copying, and before

copies are released to the receiving party or contemporaneously therewith, the producing party,

or any party to this action, shall have fifteen (15) business days to review the selected documents

or physical objects, and to mark, or to designate for marking, in accordance with Paragraphs 1

and 2 hereof, those which it considers to contain "CONFIDENTIAL INFORMATION" or

"HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION."

16.     Where the producing party, in good faith, believes that information or other

material contained in a document is confidential and not relevant to the issues of this action, is

not responsive to any request, is withheld due to a claim of privilege, is responsive to a request

but is withheld on grounds other than privilege, or is withheld pursuant to any protective order,

such information may be redacted in accordance with a method described in section B.1. of the

Suggested Rules Of Discovery Practice of the Honorable Judge Shira A. Scheindlin.

17.     The inadvertent or unintentional production of discovery materials shall not

operate as a waiver of any of the producing party's objections to the production of such material,

including but not limited to withholding in whole or in part on the basis of privilege or immunity,

production without designation as "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION," or production

without redaction of non-relevant confidential information under the terms of this Protective

Order.  In the event that any document subject to a claim of privilege or immunity is produced,

the producing party shall notify the receiving party of such fact.  Upon receipt of such notice, the

receiving party shall make all reasonable efforts to retrieve or destroy all copies, if any, of such

document and to prevent further use or disclosure of the document and information contained

therein, and shall return all such copies to the producing party or certify in writing that they have

been destroyed.  Any document that is produced without being designated "CONFIDENTIAL

INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY

INFORMATION" may be so designated or redesignated, with respect to future disclosure by the

producing party, and the receiving party shall make all reasonable efforts to retrieve all copies, if

any, of such document disclosed to persons other than those listed in paragraph 5 of this Protective Order as authorized to receive such document as subsequently designated or redesignated and to prevent further use or disclosure of confidential information contained therein by such persons. In the event that any document is produced with non-relevant confidential information unredacted, the producing party may notify the receiving party of such fact and provide a redacted copy of such document to the receiving party. Upon receipt of such notice, the receiving party shall make all reasonable efforts to retrieve all unredacted copies, if any, of such document and to prevent further use or disclosure of the information to be redacted and shall return all such unredacted copies to the producing party or certify in writing that they have been destroyed.

18.    Nothing in this Protective Order shall prevent a receiving party from contending that any or all "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" is not confidential and/or not entitled to the level of confidentiality placed on the information by the producing party. Any receiving party may at any time request the producing party to cancel the "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" designation or downgrade the level of confidentiality with respect to any document, object and/or information and to agree that thereafter such document, object and/or information is to be no longer subject to the provisions of this Protective Order. Such request shall be written, shall be served on counsel for the producing party and shall particularly identify the "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" that the receiving party contends is not confidential and/or should be downgraded and the reasons supporting its contentions. The

17

request shall be deemed denied unless within ten (10) business days after receipt of such request, the producing party shall in writing approve the request. Thereafter, the receiving party may apply to the Magistrate Judge for release or downgrade of the specified "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" from this Protective Order. A party seeking Court review of the Magistrate's decision shall follow the procedure specified by applicable procedural rules and practices. The party seeking to protect the information and/or document bears the burden, in any application to the Magistrate, to establish the appropriateness of the protection or degree of protection sought.

19.    This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance or any other ground other than the presence of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION."

20.    Nothing in this Protective Order shall be deemed in any way to reduce or abrogate any preexisting confidentiality obligations owed to third parties and/or parties to this action.

21.    Nothing in this Protective Order shall be deemed in any way to reduce or enlarge the scope of discovery provided under the Federal Rules of Civil Procedure.

### MISCELLANEOUS PROVISIONS

22.    Any notice required or permitted under this Protective Order shall be in writing and shall be served upon all counsel who have appeared in this action (i) by hand delivery or (ii) by facsimile or email with a confirmation copy by overnight delivery. Any notice served by method (ii) shall be deemed to have been served on the day following the day of service by facsimile or email. In any dispute concerning the date that any notice was served by method (ii) under this paragraph, the party serving such notice must produce confirmation of service in order to prove that service was effected on a particular date.

18

23.    Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective or by a statement by such attorney made on the record in the course of a deposition or a court hearing.

24.    Within sixty (60) days of final termination of the above action, including all appeals, each receiving party and its authorized recipients shall, at its option, either return to the producing party or destroy all physical objects and documents which embody "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" and which were received from the producing party, and shall destroy, in whatever form stored or reproduced, all other physical objects and documents, including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials, which contain or refer to "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" except that trial counsel shall have the right to maintain a copy of all correspondence, pleadings, deposition transcripts and exhibits thereto, documents referred to in pleadings or introduced into evidence and the trial counsel's work product materials.  Promptly, upon destruction of any documents or physical objects pursuant to this paragraph, the receiving party shall confirm to the producing party in writing which of the producing party's "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" have been destroyed and shall furnish to the producing party copies of all written assurances signed pursuant to paragraph 8(a) of this Protective Order.

19

25.    This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Protective Order, when convenience or necessity require.

26.    The parties also may amend or modify any provision of this Protective Order by mutual agreement which agreement shall be embodied in a written stipulation to be submitted for approval by the Court.

27.    If any "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION" is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the producing party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address, phone number, and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

28.    This Protective Order and the undertakings signed pursuant to this Protective Order shall survive termination of this action and continue in full force and effect thereafter.

29.    The parties agree that, pending approval by the Court, this Protective Order, including any agreed amendments or modifications made pursuant to paragraph 26 of this Protective Order, shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court on the date of execution by counsel for the respective parties.

20

IT IS SO ORDERED, with the consent of the parties, this _28_ day of
_Sept_, 2007.


_____
Honorable Frank Maas
United States Magistrate Judge

SHIRA A SCHEINDLIN

21

Dated: _September  21_, 2007

CHADBOURNE & PARKE LLP

By _____
    Walter G. Hanchuk (WH-7096)
    Dennis C. Hopkins (DH-3767)
    30 Rockefeller Plaza
    New York, New York  10112
    (212) 408-5100

*Attorneys for Plaintiffs/Counterclaim Defendants,*
    PowerDsine, Inc. and PowerDsine, Ltd.
*Attorneys for Third-Party Defendant,*
    Microsemi Corporation

Dated: _September 24_, 2007

PERKINS COIE LLP

By _____
    Michael A. Oblon
    607 Fourteenth Street, N.W.
    Washington, D.C.  20005
    (202) 628-6600

*Attorneys for Defendants/Counterclaim-Plaintiffs,*
    AMI Semiconductor, Inc. and
    AMI Semiconductor Belgium BVBA

22